**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **No. 4:05CV00955 SWW** |
| ) | |
| **FREDDY MARTIN, Surviving Heir of Fred** ) | |
| **R. MARTIN and CHRIS MARTIN, Both** ) | |
| **Deceased, and His Spouse, if any** ) | |

**JUDGMENT**

Upon application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants, Freddy and Jeannie Martin, are not infants or incompetent persons, and are not in the military service of the United States and it appearing to the Court that said defendants, after having been properly served pursuant to Rule 4(e)-(j) of the Federal Rules of Civil Procedure, and Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure, as reflected by Affidavit of Service filed herein, have not answered, appeared or otherwise made any defense to the plaintiff's complaint and are wholly in default, it is therefore, ORDERED and ADJUDGED:

    1.    The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

    2.    The loan of Fred R. Martin, Deceased, and the assumed loan of his son, Chris Martin, Deceased, is in default on the obligation to plaintiff and the indebtedness to the United States of America is in the principal sum of $45,522.82, and interest in the sum of $8,824.84 accrued to January 13, 2005, and thereafter at the daily rate of $10.6764 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and

recoverable charges made pursuant to the terms of the promissory note and mortgage in the sum of $5,143.94 and any additional recoverable charges and advances made during the pendency of this action, and costs of this action.  Plaintiff United States of America, U.S. Department of Agriculture, Rural Development, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums and for the sum of $8,677.54 interest credit under a subsidy repayment agreement.  No personal judgment having been prayed for, none is rendered.

        3.       The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development, is secured by a mortgage recorded in the records of the Circuit Clerk and Ex-Officio Recorder for Saline County, Arkansas, on April 19, 1993, in Book 360 at Page 110.  Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendant, in and to the following described property in Saline County, Arkansas:

**Lot 4 of Utley Subdivision to the City of Haskell, Arkansas, less and except an easement for ingress and egress over and across the West 10 feet of the South 25 feet thereof.**
**AND**
**An easement for ingress and egress over and across the East 10 feet of the South 25 feet of Lot 5 of Utley Subdivision to the City of Haskell, Arkansas.**

together with all improvements and appurtenances thereon.

        4.       If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the East door of the Saline County Courthouse, Benton, Arkansas.  The date and time of such

sale shall be fixed by the Marshal.  If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit.  The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

     5.    Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof, shall from that date be foreclosed and forever barred.

     6.    After having been properly served, Freddy Martin and his spouse, Jeannie Martin, (the only heirs of Fred R. Martin and Chris Martin, father and son, both deceased) are in default.  The interest of said defendants is subordinate and inferior to plaintiff's mortgage and is hereby

foreclosed.

7.      The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

8.      The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America.  Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

9.      The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 15th day of August, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE